UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X

MARIA ABAD,

                Plaintiff,

           -against-

ADVANTA NATIONAL BANK,

                Defendant.

-------------------------------------------------------X

**REPORT AND
RECOMMENDATION
10 CV 1174 (JG)(LB)**

**BLOOM, United States Magistrate Judge:**

Plaintiff filed the instant *pro se* action on February 25, 2010 challenging a credit card agreement and related charges. Since plaintiff is proceeding *in forma pauperis*, the Court directed the United States Marshal Service ("USMS") to serve the complaint on defendant. However, despite multiple efforts to ascertain defendant's service address, defendant has not been served. Additionally, it appears that another entity may be responsible for the credit card at issue in plaintiff's complaint. Plaintiff has not amended her complaint to include the proper defendant and the Court notes that such amendment may be futile. Accordingly, it is respectfully recommended that this action should be dismissed without prejudice to plaintiff seeking relief through the Federal Deposit Insurance Corporation ("FDIC") process.

## BACKGROUND

I. Plaintiff's Complaint and Attempts to Serve Advanta National Bank

Plaintiff's complaint sues Advanta National Bank, which she describes as the successor in interest to Colonial National Bank. Compl. ¶ 5. She alleges Advanta National Bank violated the Truth in Lending Act, 15 U.S.C. § 1601, et seq.; federal, state, and city consumer protection laws; and, contractual obligations with regards to a credit card account ending with the numbers

"9015." Id. ¶ 20. Plaintiff listed a Utah post office box address for Advanta National Bank. Id. ¶ 5.

Shortly after her complaint was filed, the Court instructed plaintiff to provide a proper address for defendant Advanta National Bank because the USMS cannot serve a post office box. Docket entry # 5. Plaintiff wrote to the Court that the "FDIC is receiver for defendant" and provided an address for a "Consumer Response Center" in Missouri. Docket entry # 6. The Court issued an amended summons but this summons was returned unexecuted with the notation "Business does not exist at that address." Docket entries # 7, 10.[1] Thereafter the Court twice *sua sponte* granted plaintiff additional time to provide a proper address for defendant. Docket entries # 8, 9. Plaintiff responded with a letter that provided a Texas address for "FDIC (receiver) Advanta Bank Corp" and another letter that provided a Utah address for "Advanta Bank Corp in Receivership." Docket entries # 12, 13.

II. Advanta National Bank and Advanta Bank Corp.

Advanta National Bank was first established in 1927 as Colonial National Bank and maintained its headquarters in the State of Delaware. Docket entry # 16 at 14. On June 30, 2010, Advanta National Bank closed voluntarily and liquidated its assets. Id. In contrast, Advanta Bank Corp. was established in 1991 and maintained its headquarters in Draper, Utah. Id. at 18. On March 19, 2010, the "Utah Department of Financial Institutions closed Advanta Bank Corp. and the FDIC was appointed as Receiver for Advanta Bank Corp." Id. at 2, 18.

III. Substitution and Termination of the FDIC as Defendant

Upon receiving plaintiff's letters providing an address for defendant with the FDIC as receiver, the Court construed plaintiff's letters as a motion to substitute the FDIC as the real

---

[1] A docket clerk in this Court issued the summons to Advanta National Bank listing a Utah address she found on the internet. Although this summons was returned executed, docket entry # 11, given that Advanta National Bank is not headquartered in Utah, the Court does not consider the executed return to be proof of proper service.

party in interest under Rule 25(c) of the Federal Rules of Civil Procedure and directed the USMS to serve the FDIC. Docket entry # 14. On February 3, 2011, the FDIC wrote a letter to the Court stating that it was not the receiver for the named defendant, Advanta National Bank, although it was the receiver for Advanta Bank Corp. Docket entry # 16. The letter, which was sent via certified mail to plaintiff, requested that the Court vacate the substitution of the FDIC for defendant. Id. Plaintiff did not oppose this request or respond to the letter. On February 28, 2011, the Court vacated its order substituting the FDIC and directed plaintiff to provide an address for the USMS to serve Advanta National Bank by March 22, 2011. Docket entry # 17. As of this date, plaintiff has not responded to the Court's February 28, 2011 Order.

On March 9, 2011, the FDIC notified the Court that it found a commercial credit card account bearing the name "Maria Abad, Compact Computer System" and the number "9015" in Advanta Bank Corp.'s records. Docket entry # 18 at 2 & n.1. FDIC's counsel further stated that "[i]f plaintiff wishes to assert a claim against Advanta Bank Corp ... she should follow the directions contained in the FDIC Receiver's February 8, 2011 Notice to Discovered Creditor letter ("notice letter") with enclosed Proof of Claim." Id. at 2. The notice letter states that plaintiff must file her claim on or before May 9, 2011. Id. at 7.

## DISCUSSION

I. Rule 4(m)

When a *pro se* plaintiff proceeds *in forma pauperis*, she is entitled to rely on the United States Marshal Service to effect service of process. See 28 U.S.C. § 1915(d), Fed. R. Civ. P. 4(c)(3); Romandette v. Weetabix, 807 F.2d 309, 310 n.1 (2d Cir. 1986). However, plaintiff is responsible for identifying the proper defendant and determining the defendant's whereabouts.

3

Additionally, *pro se* plaintiffs are required to abide by the time limit for service of process set by the Federal Rules. See e.g., Simpson v. Putnam County Nat. Bank of Carmel, 112 F. Supp. 2d 284, 289 (S.D.N.Y. 2000) ("all litigants, including *pro ses,* have an obligation to comply with court orders and with the Federal Rules of Civil Procedure"). Under Rule 4(m):

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Although plaintiff filed her complaint over a year ago, she has not provided a proper address to serve the named defendant and has failed to respond to the Court's most recent order to do so. Docket entry # 17. Accordingly, I respectfully recommend that plaintiff's complaint against the sole defendant Advanta National Bank be dismissed without prejudice.[2]

II. Apparent Futility of Amending the Complaint

The FDIC's March 9, 2011 letter states that Advanta Bank Corp. did extend credit to plaintiff under the account named in her complaint and therefore plaintiff may have intended to sue Advanta Bank Corp. and by extension, its successor in interest, the FDIC. As noted above, plaintiff has not responded to this letter (or filed anything since October 12, 2010) to either

---

[2]  Plaintiff brings this suit to collect a refund for excess amounts charged to her credit card in 2001. Compl. ¶ 13. Even though the Court should dismiss this action without prejudice, many of plaintiff's claims would likely be barred by the statute of limitations. See 15 U.S.C. §§ 1640(e) (one-year statute of limitations claims under TILA), 1692k(d) (one-year statute of limitations for claims under Fair Debt Collection Practices Act); Gristede's Foods, Inc. v. Unkechauge Nation, 532 F. Supp. 2d 439, 452-3 (E.D.N.Y. 2007) (three-year statute of limitation under New York state consumer protection laws). However, many of plaintiff's consumer claims appear to have been time-barred at the time she initially filed the complaint in 2010. Moreover, the consumer protection laws do not apply to credit extended for business purposes, see 15 U.S.C. §§ 1602(h), 1692a(3), and Spirit Locker, inc. v. EVO Direct, LLC, 696 F. Supp. 2d 296, 301-2 (E.D.N.Y. 2010); and, the instant dispute appears to involve a commercial credit card. Docket entries # 13, 18 at 2.

amend the complaint to include the FDIC as receiver for Advanta Bank Corp. or indicate whether she has or will file a notice of claim as directed by the FDIC's notice letter. Nonetheless, for the purpose of completeness, the Court notes that amending the complaint to include the FDIC as receiver for Advanta Bank Corp. would likely be futile.

Under the Financial Institution Reform, Recovery, and Enforcement Act of 1989 ("FIRREA") § 212(5), as amended 12 U.S.C. § 1821(d) (1994), Congress established "an exhaustion requirement applicable to claims against the assets of a failed depository institution in FDIC receivership." Carlyle Towers Condo. Assocs. v. FDIC, 170 F.3d 301, 305 (2d Cir. 1999). "A claimant may obtain judicial review of the FDIC's claim determination if the claimant files a claim with the FDIC, receives a 'disallowance' of the claim, and then files suit in a district court within 60 days of the FDIC's disallowance." Id. Absent exhaustion of these claims with the FDIC, the FIRREA "strips the Court of subject matter jurisdiction to hear claims against the FDIC." Indymac Bank, F.S.B. v. MacPherson, 672 F. Supp. 2d 313, 317 (E.D.N.Y. 2010); 12 U.S.C.§ 1821(d)(13)(D). In light of this statutory framework, even when a complaint is filed against a bank before it enters FDIC receivership, if plaintiff has not exhausted the FDIC claim process, the Court lacks subject matter jurisdiction. See id. at 317.[3]

## CONCLUSION

I respectfully recommend that this action should be dismissed without prejudice to plaintiff seeking relief through the FDIC process. Furthermore, as plaintiff has not provided a proper address to serve defendant, the action should be dismissed without prejudice under Fed. R. Civ. P. 4(m).

---

[3] While the Court may stay a proceeding if a litigant is pursuing the FDIC claim process, the Court has no such application or information here.

**FILING OF OBJECTIONS TO REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physicians' Health Plan, Inc., 293 F.3d 42, 46 (2d Cir. 2002); Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

/Signed by Judge Lois Bloom/

Dated: April 20, 2011
   Brooklyn, New York

LOIS BLOOM
United States Magistrate Judge